UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DENNIS E. BIXLER,<br>(Social Security No. XXX-XX-1029),<br><br>                Plaintiff,<br><br>         v.<br><br>MICHAEL J. ASTRUE, in his official<br>capacity as Commissioner of the<br>Social Security Administration,<br><br>                Defendant. | 2:09-cv-344-WGH-LJM |

**MEMORANDUM DECISION AND ORDER**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, upon the Consents filed by the parties (Docket Nos. 9, 12) and an Order of Reference entered by District Judge Larry J. McKinney on January 19, 2010 (Docket No. 14).

### I. Statement of the Case

Plaintiff, Dennis E. Bixler, seeks judicial review of the final decision of the agency, which found him not disabled and, therefore, not entitled to Disability Insurance Benefits ("DIB") or Supplemental Security Income ("SSI") under the Social Security Act ("the Act").  42 U.S.C. §§ 416(i), 423(d), 1381; 20 C.F.R. § 404.1520(f).  This court has jurisdiction over this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Plaintiff applied for DIB and SSI on November 6, 2006, alleging disability since October 29, 2006. (R. 118-22, 123-35). The agency denied Plaintiff's application both initially and on reconsideration. (R. 56-63, 71-77). Plaintiff appeared and testified at a hearing before Administrative Law Judge Michael Tucevich ("ALJ") on January 21, 2009. (R. 35-51). Plaintiff was represented by an attorney; also testifying was a vocational expert. (R. 35). On March 16, 2009, the ALJ issued his opinion finding that Plaintiff was entitled to a closed period of disability from August 16, 2006, to October 30, 2007, because he did not possess the residual functional capacity ("RFC") to perform a significant number of jobs during that time frame due to pain associated with a back injury. (R. 5-19). However, the ALJ determined that, beginning on October 31, 2007, Plaintiff was no longer disabled because he retained the RFC to perform a significant number of jobs in the regional economy. (R. 18). After Plaintiff filed a request for review, the Appeals Council denied Plaintiff's request, leaving the ALJ's decision as the final decision of the Commissioner. (R. 1-4). 20 C.F.R. §§ 404.955(a), 404.981. Plaintiff then filed a Complaint on October 22, 2009, seeking judicial review of the ALJ's decision.

## II. Statement of the Facts

**A. Vocational Profile**

Plaintiff was 50 years old at the time of the ALJ's decision and had completed the eighth grade. (R. 15, 47). His past relevant work experience was as a finish grinder, which was medium semi-skilled work. (R. 15).

### B. Medical Evidence

#### 1. Plaintiff's Mental Impairments

Plaintiff provided school records that, while difficult to read, indicate that he had a total IQ of 68 at age 15. (R. 166). These records also indicate that Plaintiff was in special education classes as an eight-year-old. Furthermore, the records indicate that Plaintiff was 15 while in the seventh grade and 16 while in the eighth grade; this was nearly three years older than the typical student. (R. 166). For the 1975-76 school year (when Plaintiff was 17 years old) Plaintiff was in the ninth grade and received 6 grades of F and 4 Ds in what appear to be regular high school classes. (R. 167). In addition to this evidence, Plaintiff testified at the hearing before ALJ Tucevich that he was in special education classes during school and that he dropped out after the ninth grade. (R. 47-48). Plaintiff testified that he was illiterate. (R. 47). However, he reported on his disability form that he could read and write. (R. 131). An agency representative who met with Plaintiff face to face when Plaintiff filled out his application noted no difficulties in reading or writing. (R. 129).

Plaintiff worked in a foundry for approximately 25 years, holding a semi-skilled job for some of that time as a finish grinder. (R. 133). This work listing has some bearing on Plaintiff's ability to read and write and on his adaptive abilities.

## 2. Plaintiff's Physical Impairment[1]

While Plaintiff is not contesting the aspect of the ALJ's decision concerning Plaintiff's physical condition, it is important to note that, despite Plaintiff's back surgery, records from state agency physician R. Fife, M.D., indicate that Plaintiff was limited to an RFC of light work with no climbing of ladders, ropes, or scaffolds, and only occasional climbing ramps/stairs, balancing, stooping, kneeling, crouching, or crawling. (R. 269-76). This opinion was adopted by the ALJ. (R. 17).

### III. Standard of Review

An ALJ's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971); see also *Perkins v. Chater,* 107 F.3d 1290, 1296 (7th Cir. 1997). This standard of review recognizes that it is the Commissioner's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide questions of credibility. *Richardson,* 402 U.S. at 399-400. Accordingly, this court may not re-evaluate the facts, weigh the evidence anew, or substitute its judgment for that of the Commissioner. *See Butera v. Apfel,* 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, even if reasonable minds could disagree about whether or not an individual was

---

[1] In Plaintiff's Brief in Support of Complaint he does not find fault with any aspect of the ALJ's determination concerning his *physical* impairments.

"disabled," the court must still affirm the ALJ's decision denying benefits. *Schmidt v. Apfel,* 201 F.3d 970, 972 (7th Cir. 2000).

## IV.  Standard for Disability

In order to qualify for disability benefits under the Act, Plaintiff must establish that he suffers from a "disability" as defined by the Act.  "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  The Social Security regulations set out a sequential five-step test the ALJ is to perform in order to determine whether a claimant is disabled.  *See* 20 C.F.R. § 404.1520. The ALJ must consider whether the claimant:  (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) is unable to perform her past relevant work; and (5) is unable to perform any other work existing in significant numbers in the national economy.  *Id.*  The burden of proof is on Plaintiff during steps one through four, and only after Plaintiff has reached step five does the burden shift to the Commissioner.  *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000).

## V.  The ALJ's Decision

The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the alleged onset date and that Plaintiff was insured for DIB.  (R. 14).  The ALJ continued by finding that, in accordance with 20 C.F.R. § 404.1520, Plaintiff had one impairment that is classified as severe:  internal disc derangement L5-S1.  (R. 14).  The ALJ concluded that this impairment did not meet or substantially equal any of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. 14).  The ALJ then determined that, from August 16, 2006, to October 30, 2007, Plaintiff was unable to sustain an eight-hour workday due to chronic pain, was unable to perform his past work, and was unable to perform a significant number of jobs in the regional economy.  (R. 14-16).  Plaintiff was, therefore, under a disability from August 16, 2006, to October 30, 2007.  (R. 16).  The ALJ determined that, on October 31, 2007, medical improvement occurred and Plaintiff's disability ended.  (R. 16).  Starting on October 31, 2007, Plaintiff retained the RFC for light work except he was limited to no climbing ladders ropes or scaffolds, and occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling.  (R. 16).  Plaintiff's testimony was not fully credible.  (R. 17).  The ALJ determined that, based on this RFC, Plaintiff could not perform his past work, but could still perform a significant number of jobs in the regional economy.  (R. 18).  The ALJ, therefore, concluded that Plaintiff's disability ended.  (R. 18).

## VI.  Issue

Plaintiff has raised one issue.  The issue is as follows:

**Whether the ALJ should have addressed Listing 12.05C.**

Plaintiff argues that he met Listing 12.05C found at 20 C.F.R. Part 404, Subpart P, Appendix 1, and that the ALJ committed error by not addressing the listing.  That particular listing deals with mental retardation and provides as follows:

> 12.05  Mental retardation:  Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A.  Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;
>
> Or
>
> B.  A valid verbal, performance, or full scale IQ of 59 or less;
>
> Or
>
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
>
> Or

> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
>
> 1. Marked restriction of activities of daily living; or
>
> 2. Marked difficulties in maintaining social functioning; or
>
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
>
> 4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Part 404, Subpart P, Appendix 1.

In the introduction to Listing 12.00 for Mental Disorders, 20 C.F.R. Part 404, Subpart P, Appendix 1, further provides that Listing 12.05 for Mental Retardation is different from the other listings. In order to meet Listing 12.05, an individual's impairment must first satisfy the diagnostic description in 12.05's introductory paragraph and must then meet one of the four sets of criteria listed in sections A, B, C, and D. *Id.*

In this case, Plaintiff's attorney raised the issue of mental retardation prior to Plaintiff's hearing before ALJ Tucevich in a letter addressed to the Social Security Administration dated July 22, 2008. (R. 165). The issue was again raised at Plaintiff's hearing (R. 47-49) and through a follow-up letter prior to the ALJ's decision (R. 171-72). Despite Plaintiff's counsel's requests that the ALJ consider Listing 12.05 as well as Plaintiff's education/IQ records, the ALJ made no mention in his decision of these records or Listing 12.05. Under the disputed facts present in this case, the Magistrate Judge concludes that remand is required.

The ALJ accepted the opinions of Dr. Fife and limited Plaintiff to only light work. Hence, Plaintiff's back impairment appears to qualify under Listing 12.05C as "a physical or other mental impairment imposing an additional and significant work-related limitation of function." Therefore, the only remaining issue is whether Plaintiff's records indicate that he met the remainder of Listing 12.05C. There appears to be some evidence that he did, in fact, meet the requirements of Listing 12.05C. There are records that support a finding that Plaintiff's impairment manifested itself prior to age 22. The fact that Plaintiff was in special education classes at a young age, that he was tested and obtained IQ scores below 70, and that by the ninth grade he was nearly three years older than the typical student and yet still obtaining only grades of F or D all demonstrate subaverage intellectual functioning. Additionally, Plaintiff has demonstrated a valid full scale IQ score between 60 and 70. While there are other facts which bear on this issue, without an explicit explanation by the ALJ addressing the listing, we are unable to trace the path of the ALJ's reasoning that Listing 12.05 could never be a basis for finding disability in this case.

On remand, Plaintiff has requested that a different ALJ be provided. While the court cannot order the Social Security Administration to provide a new ALJ, in this case it is recommended. The ALJ indicated at the hearing that he had essentially made a predetermined decision that Plaintiff was only entitled to a closed period of disability unless Plaintiff was able to provide additional information about his back impairment. (R. 40, 42-43). The ALJ also stated

that he was "annoyed" by Plaintiff's counsel (R. 48-49) and at times conducted a hearing that could be described as quite adversarial despite the fact that a social security disability hearing is supposed to be nonadversarial. In addition, the ALJ's opinion failed to acknowledge that Plaintiff's counsel had requested that Plaintiff be tested for mental retardation despite the fact that the record clearly indicates such a request. (R. 165).

## VII. Conclusion

The Magistrate Judge cannot trace the path of the ALJ's reasoning. The ALJ did not address Plaintiff's mental condition despite some evidence that he met Listing 12.05C. The decision of the Commissioner of the Social Security Administration is **REMANDED**. On remand, it is recommended that a different ALJ be utilized.

**SO ORDERED** the 12th day of July, 2010.

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

William R. Groth
FILLENWARTH DENNERLINE GROTH & TOWE LLP
wgroth@fdgtlaborlaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov